UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL E. ACEVEDO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1803 RWS |
| | ) | |
| CITY OF BRIDGETON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Defendant Lauri Taylor's Motion for Summary Judgment [#44]. In Count 2 of his First Amended Complaint [#34], Michael Acevedo alleged that Lauri Taylor, a Pattonsville Emergency Service Attendant, contributed to a warrentless and unlawful imprisonment and kidnaping of Acevedo by transporting him in an ambulance from his home to St. Joseph's Hospital in St. Charles, Missouri. Defendant Lauri Taylor seeks summary judgment against this claim, arguing that: (1) Acevedo has failed to produce any evidence that raises a genuine issue of material fact; (2) she is entitled to qualified immunity; and (3) Acevedo's seizure was voluntary and therefore no constitutional right was violated. I will grant the motion for summary judgment on the basis of qualified immunity.

*Background*

Plaintiff Michael Acevedo brings his claim against Lauri Taylor under 42 U.S.C. § 1983 and various Amendments to the United States Constitution. The undisputed facts are as follows:

On September 18, 2002, Mrs. Judy Acevedo contacted the City of Bridgeton Police Department to report that her husband, Michael Acevedo, was in the bedroom of their residence armed with a chrome plated hand gun and was threatening to kill himself over their failed

marriage. Police Officers Dan Benson and Mike Eatherly responded to the call and met Mrs. Judy Acevedo who advised the officers that Plaintiff Michael Acevedo had pulled a loaded gun, pointed it at his head, and threatened to kill himself in response to her decision to end the marriage.

Officers Benson and Eatherly attempted to contact Plaintiff Acevedo on his cellular and home telephones to no avail. The officers then entered the residence, announced their presence and again received no response from Plaintiff. Acevedo claimed that he did not hear the phone ring or the officers' voices. Upon entering Acevedo's bedroom, the officers observed Acevedo sitting on the bed but could not see his hands. The officers then asked Acevedo to make his hands visible. After several requests, Acevedo finally raised his hands and after a struggle, placed Acevedo in handcuffs. The officers then requested emergency medical assistance and directed emergency personnel to transport Acevedo to St. Joseph's Hospital for evaluation and treatment for mental health concerns. Mrs. Acevedo executed an affidavit attesting that she believed that Plaintiff was capable of causing harm to either himself or others.

Lauri Taylor was part of the emergency crew that transported Acevedo from his residence to the hospital. Taylor claims she believed that all appropriate procedures were being followed. Acevedo alleges that Taylor contributed to the violation of his constitutional rights by taking him to the hospital. Upon arriving at the hospital, Acevedo was asked to sign a voluntary admission form. Acevedo signed the form, but included the phrase "I am not a corporate agent" after his name. Acevedo claims that he did not consent to his admission to the hospital and alleges that his constitutional rights have been violated as a result.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Analysis*

Failure to Raise a Genuine Issue of Material Fact

Local Rule 7 - 4.01 (E) requires that:

Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute *shall be set forth with specific references to portions of the record*, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. *All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party*.

(emphasis added)

In his response to Taylor's Motion for Summary Judgment, Acevedo did not provide citations to the record, or attach any new supporting evidence, to substantiate his response. Acevedo's only citations to the record were to identify with which portions of Taylor's Motion for Summary Judgment he disagreed. By failing to cite to any particular portion of the record that would show a genuine issue of material fact, Acevedo has failed to raise a genuine dispute of material fact and "all matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment."

Qualified Immunity

Taylor asserts that she is entitled to qualified immunity against Acevedo's claims. "Qualified immunity shields government actors from suit when, a reasonable [official] could have believed the challenged act to be lawful, in light of clearly established law and the information the defendant possessed." Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998)(internal citations and quotations omitted). "Individual defendants are entitled to qualified immunity unless their alleged conduct violated clearly established statutory or constitutional rights of which a reasonable person in their positions would have known. The law is clearly established if it gives the defendant official fair warning that his conduct violated an individual's rights when the official acted." McCoy v. City of Monticello, 2003 WL 22070518, *2 (8th Cir. September 8, 2003)(internal quotations and citations omitted). A government official does not lose his qualified immunity because of a mistaken, yet reasonable belief, nor does an official lose his immunity because of a reasonable mistake as to the legality of his actions. Id. (citing Saucier v. Katz, 533 U.S. 194, 205-206 (2001)).

In determining whether Lauri Taylor is entitled to qualified immunity, I must consider: (1) whether Acevedo has asserted a violation of his constitutional rights; (2) whether the allegedly

4

violated constitutional rights were clearly established; and (3) whether evidence was produced raising a genuine issue of material fact as to whether a reasonable official would have known that the alleged acts violated that right. McDonald v. Lewis, 2006 WL 2088160, *3 (D.Minn. July 25, 2006); *see also* Foulks v. Cole County, 991 F.2d 454, 456 (8th Cir. 1993). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201.

Acevedo has alleged violations of his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights under the U.S. Constitution. However, he has not produced any evidence that clearly establishes these constitutional rights were violated due to his transport to the hospital. Other than his right to be free from unreasonable seizures of his person and his right to due process applied to the States under the 14th Amendment, the Constitutional Amendments recited in Acevedo's Complaint have no discernable relationship to the facts of this case.

Neither has Acevedo produced any evidence indicating that the search of his residence was unreasonable or that the police officers employed excessive force. *See* Lacy, 416 F.3d at 728 (where court granted summary judgment to police officers when a seizure was authorized under Missouri law and did not involve the use of excessive force). It was reported to Officers Benson and Eatherly that Acevedo had placed a gun to his head and threatened to kill himself. The officers knew that Acevedo had a loaded firearm, and were required to confront him with weapons drawn, and to insist that he show his hands, which had placed between his legs. Mrs. Acevedo then executed the affidavit required by Section 632.305 of the Missouri Statute, wherein she stated that she believed that Acevedo was capable of harming himself or others. The police officers, as a matter of law, reacted in a manner that was objectively reasonable given the circumstances, and Acevedo's rights were not violated.

Acevedo claims that because at the time of his arrest he was unarmed and no longer an imminent danger to himself or anyone else, Officer Benson, Officer Eatherly and Lauri Taylor acted unreasonably by taking him to the hospital against his will. However, Acevedo produced no evidence raising a genuine issue of material fact as to whether Lauri Taylor had reason to believe that her acts violated any of Plaintiff's rights. Rather, the undisputed facts evidence that Lauri Taylor was simply doing her duty by responding to a police request to transport a person considered to be dangerous to a more secure environment.

Missouri law authorizes the detention and evaluation of a person if a peace officer "has reasonable cause to believe that such person is suffering from a mental disorder and that the likelihood of serious harm by such person to himself or others is imminent unless such person is immediately taken into custody." Mo.Rev.Stat. § 632.305(3). Lauri Taylor was acting under the knowledge that she had been called due to a suicide attempt involving a handgun. Because Taylor was acting under the belief that Acevedo was dangerous and an imminent threat to others at the time she escorted Acevedo to the hospital, her actions were reasonable and justified under the circumstances. *See* Lacy, 416 F.3d at 727 (noting that "the reasonableness inquiry extends only to those facts known to the officer at the precise moment the officers effectuate the seizure"); *see also* Collins v. Bellinghausen, 153 F.3d 591 (8th Cir. 1998) (where the court found summary judgment appropriate where a reasonable person could have believed that the plaintiff would constitute a danger to themselves or others). Consequently, because Acevedo has failed to clearly establish the violation of a constitutional right, and moreover, has failed to produce evidence of a genuine issue of fact regarding whether Lauri Taylor knew or should have known that Plaintiff's rights were being violated, Lauri Taylor is entitled to qualified immunity.

Voluntary Seizure

Taylor also argues that Acevedo's "acquiescence to the decision by police officers that he be transported for a psychiatric evaluation establishes that Plaintiff voluntarily allowed himself to be taken by ambulance to a hospital, and he was not confined or detained by Defendant Taylor." While Taylor has set forth in her affidavit that Acevedo entered the ambulance willingly, she also notes that he did not respond to Taylor when she asked if it was ok that the ambulance personnel were going to take him to the hospital. Therefore, Taylor has failed to put forth sufficient evidence to support a finding that Acevedo was voluntarily seized fails.

*Conclusion*

Lauri Taylor has established that her actions were objectively reasonable in light of the facts known at the time of the alleged constitutional violation, and Acevedo has failed to produce any evidence to the contrary. Because Acevedo has failed to produce any evidence that a genuine issue of material fact exists in regards to Lauri Taylor's qualified immunity claim, summary judgment in favor of Taylor is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Lauri Taylor's Motion for Summary Judgment [#44] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2007.