UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL E. ACEVEDO, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:05CV1803 RWS |
| | ) |
| CITY OF BRIDGETON. et al., | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before me on a Motion for Summary Judgment [#49] submitted by the City of Bridgeton, Captain Hood, Police Officer Mike Eatherly and Police Officer Dan Benson [hereinafter "Defendants"]. In his First Amended Complaint [#34], Michael Acevedo alleges that the Defendants participated in a warrantless and unlawful arrest of Acevedo and illegally searched and seized him by transporting him in an ambulance from his home to St. Joseph's Hospital in St. Charles, Missouri.

Defendants Benson and Eatherly seek summary judgment arguing that their actions were authorized under Mo. Rev. Stat. § 632.440 and that any alleged force was objectively reasonable under the circumstances. Alternatively, Officers Benson and Eatherly argue that they are entitled to qualified immunity.

Defendants Captain Hood and the City of Bridgeton seek summary judgment arguing that Acevedo has failed to state a claim against them under the doctrine of respondeat superior and has failed to plead any facts sufficient to support an unconstitutional policy, custom, practice, or failure to train or supervise claim against these defendants. Additionally, Captain Hood argues he is not liable under supervisor liability.

For the reasons set forth below, I will grant summary judgment in favor of the defendants.

*Background*

Plaintiff Michael Acevedo brings his claim against Defendants under 42 U.S.C. § 1983 and various Amendments to the United States Constitution. The undisputed facts are as follows:

On September 18, 2002, Mrs. Judy Acevedo contacted the City of Bridgeton Police Department to report that her husband, Michael Acevedo, was in the bedroom of their residence armed with a chrome plated hand gun and was threatening to kill himself over their failed marriage. Police Officers Dan Benson and Mike Eatherly responded to the call and met Mrs. Judy Acevedo who advised the officers that Plaintiff Michael Acevedo had pulled a loaded gun, pointed it at his head, and threatened to kill himself in response to her decision to end the marriage.

Officers Benson and Eatherly were unsuccessful in their attempts to contact Plaintiff Acevedo on his cellular and home telephones. The officers then entered the residence and announced their presence. Acevedo did not respond. Acevedo claimed that he did not hear the phone ring or the officers' voices. Upon entering Acevedo's bedroom, the officers observed Acevedo sitting on the bed but they could not see his hands. The officers then asked Acevedo to make his hands visible. After several requests, Acevedo finally raised his hands. After a struggle the officers placed Acevedo in handcuffs. The officers asked Acevedo where his guns were located. Three unloaded rifles and two loaded handguns were found in Acevedo's bedroom. The officers requested emergency medical assistance and directed emergency personnel to transport Acevedo to St. Joseph's Hospital for evaluation and treatment for mental health concerns. Mrs. Acevedo executed an affidavit attesting that she believed that Michael Acevedo was capable of causing harm either to himself or others. Upon arriving at the hospital, Acevedo was asked to sign

a voluntary admission form. Acevedo signed the form, but included the phrase "I am not a corporate agent" after his name. Acevedo claims that he did not consent to his admission to the hospital and alleges that his constitutional rights have been violated as a result.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Analysis*

Failure to Raise a Genuine Issue of Material Fact

Local Rule 7 - 4.01 (E) requires that:

Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute *shall be set forth with specific references to portions of the record*, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. *All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.*

(emphasis added)

In his response to Defendants' Motion for Summary Judgment, Acevedo provided only two citations to the record. Acevedo cited to his deposition, but he did not attach a copy of this deposition to substantiate his reference to his deposition. Acevedo also cited to Officer Benson's police report, Exhibit A to Defendants' Motion for Summary Judgment, in which Officer Benson wrote that "Michael said he was not suicidal."

Acevedo did not attach any additional supporting evidence to substantiate his response to the motion for summary judgment. By failing to cite to any particular portion of the record that would show a genuine issue of material fact, Acevedo has failed to raise a genuine dispute of material fact and "all matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment." Local Rule 7 - 4.01 (E).

Defendants Benson and Eatherly's Actions Were Authorized Under State Law

Missouri Revised Statute 632.305 sets forth the procedure by which a person may be detained for comprehensive psychiatric evaluation and treatment. The relevant provision states:

A peace officer may take a person into custody for detention for evaluation and

treatment for a period not to exceed ninety-six hours only when such . . . peace officer has *reasonable cause* to believe that such a person is suffering from a mental disorder and that *the likelihood of serious harm by such person to himself or others is imminent unless such person is immediately taken into custody.* Upon arrival at the hospital, the peace officer . . . shall . . . complete an application for initial detention for evaluation and treatment . . . based upon his own personal observations or investigations and shall contain the information required in subsection 1 of this section. Mo. Rev. Stat. § 632.305 (3); *See also* Lacy, 416 F.3d at 726-727 (emphasis added).

Subsection 1 requires that:

 "[A]ny adult person . . . must allege under oath that the applicant has reason to believe that the respondent is suffering from a mental disorder and presents a likelihood of serious harm to himself or to others. The application must specify the factual information on which such belief is based and should contain the names and addresses of all persons known to the applicant who have knowledge of such facts through personal observation." Mo. Rev. Stat. 632.305 (1) (2007).

Defendant Police Officers Benson and Eatherly are peace officers. The record indicates that Defendants Benson and Eatherly had reasonable cause to believe Michael Acevedo was suffering from a mental disorder and that Acevedo was likely to cause serious harm to himself or others. *See* Lacy, 416 F.3d at 727 (noting that "the reasonableness inquiry extends only to those facts known to the officer at the precise moment the officers effectuate the seizure"); *see also* Collins v. Bellinghausen, 153 F.3d 591 (8th Cir. 1998) (where the court found summary judgment appropriate where a reasonable person could have believed that the plaintiff would constitute a danger to themself or others). Defendants were responding to an emergency call from Acevedo's wife in which she claimed that Acevedo possessed a loaded firearm and was threatening to kill himself. Further, Acevedo repeatedly failed to respond to directives from the officers to show his hands despite the fact that officers had drawn their own firearms. Acevedo's threats combined with his inappropriate behavior provided a sufficient basis for Defendants to believe that Acevedo

5

was suffering from a mental disorder and posed an imminent risk to himself and others. *See* Lacy, 416 F.3d at 727 (where plaintiff's threats and admission of depression was sufficient evidence for police officer to suspect a mental disorder). As a result, Defendants' conduct was protected by Mo. Rev. Stat. § 632.305(3).

The Affidavit of Mrs. Judy Acevedo complied with the statutory requirement of Mo. Rev. Stat. 632.305(1). Mrs. Acevedo alleged under oath that she believed that Michael Acevedo was capable of killing himself or others. Mrs. Acevedo further specified facts to support her belief, including Michael Acevedo's threats and aforementioned actions. Mrs. Acevedo also included her name and address in the Affidavit and confirmed that she had personal knowledge of the facts. This Affidavit provided Defendants Benson and Eatherly with sufficient information to complete an application for initial detention for evaluation and treatment pursuant to Mo. Rev. Stat. § 632.305.

However, according to the record, this application was never filed. Defendants Benson and Eatherly claim that Acevedo voluntarily consented to his admission to the hospital and as a result, it was no longer necessary to file the application. Defendants produced the Voluntary Admission Application which contains the signature of Michael Acevedo on the patient's signature line. Acevedo does not dispute the authenticity of his signature nor does he produce any evidence that he attempted to notify the hospital or anyone else of his non-consent after signing the form. Acevedo argues only that he did not execute a Voluntary Admission Application because he signed it with the limitation that he is "not a corporate agent."

Whether or not "a corporate agent," the undisputed evidence establishes that Mr. Acevedo executed a Voluntary Admission Application with his signature. Mr. Acevedo's

6

repeated use of the phrase "I am not a corporate agent" only supports the reasonable belief of Officers Benson and Eatherly that Mr. Acevedo was suffering from a mental disorder. Accordingly, the detainment of the plaintiff was in compliance with Missouri state law and was reasonable under the circumstances.

Additionally, Missouri Revised Statute § 632.440 provides,

"no peace officer responsible for detaining a person pursuant to this chapter . . . shall be civilly liable for detaining, transporting, conditionally releasing, or discharging a person pursuant to this chapter . . . so long as such duties were performed in good faith and without gross negligence." Mo. Rev. Stat. § 632.440; *see also* Lacy, 416 F.3d at 727-728.

As discussed above, the undisputed facts of this case establish that Officers Benson and Eatherly had reasonable cause to believe that Acevedo was suffering from a mental disorder and that he was an imminent threat to himself and others. *See* id. at 728. Further, there is no evidence that either of the defendants carried out their duties in bad faith or that the detainment of Acevedo was performed with gross negligence. *See* id. Because Officers Benson and Eatherly's actions were authorized under Missouri law and because they performed their duties in good faith and without gross negligence, I will grant summary judgment in favor of Officers Benson and Eatherly on this issue.

Qualified Immunity

Defendants Benson and Eatherly assert that they are entitled to qualified immunity. "Qualified immunity shields government actors from suit when, a reasonable [official] could have believed the challenged act to be lawful, in light of clearly established law and the information the defendant possessed." Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998)(internal citations and quotations omitted). "Individual defendants are entitled to

qualified immunity unless their alleged conduct violated clearly established statutory or constitutional rights of which a reasonable person in their positions would have known. The law is clearly established if it gives the defendant official fair warning that his conduct violated an individual's rights when the official acted." McCoy v. City of Monticello, 2003 WL 22070518, *2 (8th Cir. September 8, 2003)(internal quotations and citations omitted). A government official does not lose his qualified immunity because of a mistaken, yet reasonable belief, nor does an official lose his immunity because of a reasonable mistake as to the legality of his actions. Id. (citing Saucier v. Katz, 533 U.S. 194, 205-206 (2001)).

In determining whether Defendants Benson and Eatherly are entitled to qualified immunity, I must consider: (1) whether Acevedo has asserted a violation of his constitutional rights; (2) whether the allegedly violated constitutional rights were clearly established; and (3) whether evidence was produced raising a genuine issue of material fact as to whether a reasonable official would have known that the alleged acts violated that right. McDonald v. Lewis, 2006 WL 2088160, *3 (D.Minn. July 25, 2006); see also Foulks v. Cole County, 991 F.2d 454, 456 (8th Cir. 1993). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201.

Acevedo has alleged violations of his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights under the U.S. Constitution. However, other than his right to be free from unreasonable seizures of his person and his right to due process applied to the States under the 14th Amendment, the Constitutional Amendments recited in Acevedo's Complaint have no discernable relationship to the facts of this case. Additionally, Acevedo

has not produced any evidence that clearly establishes a constitutional or statutory right was violated due to Defendants' conduct, therefore I do not need to consider the third prong of the test. As discussed above, the actions of defendants Benson and Eatherly were authorized under Missouri state law, were objectively reasonable, and did not involve the use of excessive force. Therefore, Officers Benson and Eatherly are entitled to qualified immunity and I will grant summary judgment in their favor on this issue.

Respondeat Superior

A municipal entity cannot be held vicariously liable under § 1983 on a respondeat superior theory. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 691 (1978); McGautha v. Jackson County, 36 F.3d 53, 56 (8th Cir. 1994) ("Respondeat superior does not apply under section § 1983 because municipal liability is limited to conduct for which the municipality is itself actually responsible."). The municipality may be held liable only if the municipal employee is found liable on the underlying substantive constitutional claim. McCoy v. City of Monticello, 411 F.3d 920, 922 (8th Cir. 2005). As discussed above, Defendants Benson and Eatherly are not liable. Therefore, there is no underlying constitutional violation, and as a result no municipal liability under § 1983. I will grant summary judgment in favor of the City of Bridgeton on this issue.

Municipal Policies, Custom and Usage

A plaintiff may establish municipal liability under § 1983 by proving that his or her constitutional rights were violated by an "action pursuant to official municipal policy" or misconduct so pervasive among non-policymaking employees of the municipality "as to constitute a 'custom or usage' with the force of law." Monell, 436 U.S. 658 (1978).

9

Acevedo has failed to produce any evidence sufficient to raise a genuine issue of material fact regarding the existence of such a policy, custom or usage. I will grant summary judgment in favor of Captain Hood and the City of Bridgeton on this issue.

Supervisor Liability

To prevail on a claim of supervisor liability, a plaintiff "must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending act." Andrew v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996). Acevedo's argument without any factual support that Captain Hood failed to train or supervise Officers Benson and Eatherly does not establish deliberate indifference or authorization of the alleged constitutional violations. I will grant summary judgment in favor of Captain Hood on this issue.

*Conclusion*

Defendants Benson and Eatherly have established that they acted in accordance with Missouri law, and that they are entitled to qualified immunity. Defendants Captain Hood and the City of Bridgeton have established that they are not liable under theories of repondeat superior, § § 1983 liability, or supervisor liability. Because Acevedo has failed to satisfy his burden of producing evidence that a genuine issue of fact exists on these issues, summary judgment is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [#49] is **GRANTED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2007.