UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL E. ACEVEDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1803 RWS |
| ) | |
| CITY OF BRIDGETON. et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Defendant Pattonville-Bridgeton Terrace Fire Protection District's [hereinafter "PBT"] Motion for Summary Judgment [#69]. In his First Amended Complaint [#34], Plaintiff Michael Acevedo alleges that Defendant PBT violated his constitutional rights by transporting him in an ambulance from his home to St. Joseph's Hospital in St. Charles, Missouri for psychiatric evaluation.

Defendant PBT seeks summary judgment arguing that: 1) there are no genuine issues of any material fact; 2) PBT cannot be held liable under the doctrine of *respondeat superior*; and 3) no PBT policy or custom caused the violation of Acevedo's rights.

For the reasons set forth below, I will grant summary judgment in favor of PBT.

*Background*

Plaintiff Michael Acevedo brings this claim against PBT alleging violations of his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights. The undisputed facts are as follows:

On September 18, 2002, Mrs. Judy Acevedo contacted the City of Bridgeton Police Department to report that her husband, Michael Acevedo, was in the bedroom of their residence

armed with a chrome plated hand gun and was threatening to kill himself over their failed marriage. Police Officers Dan Benson and Mike Eatherly responded to the call and met Mrs. Acevedo, who advised the officers that Michael Acevedo had pulled a loaded gun, pointed it at his head and threatened to kill himself in response to her decision to end their marriage.

Officers Benson and Eatherly were not successful in their attempts to contact Acevedo on his cellular and home telephones. The officers then entered the residence and announced their presence, but Acevedo did not respond. Upon entering Acevedo's bedroom, the officers observed Acevedo sitting on the bed but could not see his hands. The officers then asked Acevedo to make his hands visible. After several requests, Acevedo finally raised his hands. After a struggle, the officers placed Acevedo in handcuffs. The officers asked Acevedo where his guns were located. Three unloaded rifles and two loaded handguns were found in Acevedo's bedroom. The officers requested emergency medical assistance and directed emergency personnel to transport Acevedo to St. Joseph's Hospital for evaluation and treatment for mental health concerns. Mrs. Acevedo executed an affidavit attesting that she believed that Michael Acevedo was capable of causing harm to either himself or others.

Defendant PBT supplied the emergency vehicle and crew that transported Acevedo from his residence to the hospital. Lauri Taylor, a defendant in this action, was part of the emergency crew. Upon arriving at the hospital, Acevedo was asked to sign a voluntary admission form. Acevedo signed the form, but included the phrase "I am not a corporate agent" after his name. Acevedo claims that he did not consent to his admission to the hospital and alleges that his constitutional rights have been violated as a result.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56 (c)). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. V. Citrate, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56 (c)).

When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Analysis*

Failure to Raise a Genuine Issue of Material Fact

Local Rule 7 - 4.01 (E) requires that:

Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute *shall be set forth with specific references to portions of the record*, where available, upon which the opposing party relies. The opposing party shall note for all disputed facts the paragraph number from movant's listing of facts. *All matters set forth in*

> *the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.*

(emphasis added)

In his response to PBT's Motion for Summary Judgment, Acevedo provided limited citations to the record. Acevedo cited to the Appendix to PBT's Motion for Summary Judgment, but failed to actually dispute any facts contained therein. Acevedo's citation to the Appendix references only the title of the document and fails to raise any genuine issue of material facts.

Acevedo also cited to his previously submitted Affidavit of Truth [#85]. In this affidavit, Acevedo argues only that he did not voluntarily admit himself to St. Joseph's hospital. However, the Voluntary Admission Application contains the signature of Michael Acevedo on the patient's signature line. Acevedo does not dispute the authenticity of the signature nor does he produce any evidence that he attempted to notify the hospital or anyone else of his non-consent after signing the form. Acevedo argues only that he did not voluntarily admit himself because he signed the Application with the limitation that he was "not a corporate agent." Whether or not a "corporate agent," the undisputed evidence establishes that Acevedo executed a Voluntary Admission Application with his signature. Thereby, Acevedo's Affidavit of Truth [#85] fails to raise a genuine issue of material fact.

Acevedo also cited to his previously submitted Affidavit of Truth [#88]. In this affidavit, Acevedo alleged various acts of misconduct by the Bridgeton Police Department and its officers but his only discernable allegation against PBT is that it cooperated with the Bridgeton Police Department in transporting Acevedo to the hospital. PBT does not dispute the fact that they cooperated with the Bridgeton Police Department.

Acevedo did not cite to or attach any other additional supporting evidence to substantiate his response to the motion for summary judgment. By failing to cite to any portion of the record that would show a genuine issue of material fact, Acevedo has failed to raise a genuine dispute of material fact and "all matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment." Local Rule 7 - 4.01 (E).

*Respondeat Superior*

Defendant PBT is a Fire Protection District established under Chapter 321 of the Missouri Revised Statutes. As such, it is a "political subdivision" and treated as a "municipal entity" for purposes of 42 U.S.C. § 1983. Mo. Rev. Stat. 321.010 (noting that "a 'fire protection district' is a political subdivision which is organized and empowered to supply protection by any available means to persons and property..."); *see also* Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (using the term "political subdivision" in place of "municipal entity"). A municipal entity cannot be held vicariously liable under § 1983 on a *respondeat superior* theory. Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691 (1978); McGautha v. Jackson County, 36 F.3d 53, 56 (8th Cir. 1994) ("Respondeat superior does not apply under section § 1983 because municipal liability is limited to conduct for which the municipality is itself actually responsible.") The municipality may be held liable only if the municipal employee is found liable on the underlying substantive constitutional claim. McCoy v. City of Monticello, 411 F.3d 920, 922 (8th Cir. 2005).

In Count II of his First Amended Complaint [#34], Acevedo alleged that Defendant Lauri Taylor, a PBT employee, contributed to the violation of his constitutional rights. In my order of March 9, 2007, I granted summary judgment in favor of Lauri Taylor on this claim. Acevedo

filed no other complaints against any other employee of PBT. Because no employees of PBT were found liable, there is no underlying constitutional violation, and as a result no municipal liability under § 1983. I will grant summary judgment in favor of PBT on this issue.

<u>Municipal Policies, Custom and Usage</u>

A plaintiff may establish municipal liability under § 1983 by proving that his or her constitutional rights were violated by an "action pursuant to official municipal policy" or misconduct so pervasive among non-policymaking employees of the municipality "as to constitute a 'custom or usage' with the force of law." <u>Monell</u>, 436 U.S. at 691. Acevedo has failed to produce any evidence sufficient to raise a genuine issue of material fact regarding the existence of such a policy, custom or usage. I will grant summary judgment in favor of PBT on this issue.

***Conclusion***

Defendant PBT has established that it is not liable to Acevedo under § 1983 municipal liability or the theory of *respondeat superior*. Because Acevedo has failed to satisfy his burden of producing evidence that a genuine issue of material fact exists on these issues, summary judgment is appropriate. Additionally, Michael Acevedo included in his response to this motion for summary judgment a request for a reconsideration of my earlier order granting St. Joseph Health Center's motion to dismiss [#76]. I will deny this motion.

Accordingly,

**IT IS HEREBY ORDERED** that Pattonville-Bridgeton Terrace Fire Protection District's Motion for Summary Judgment [#69] is **GRANTED**.

**IT IS FURTHER ORDERED** that Acevedo's Motion to Reconsider [#88-3] is **DENIED.**

 

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2007.